UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| WINPROVIT –SOLUÇÕES INTELLIGENTES S.A., | 23 Civ. 11155 (PKC) |
| Plaintiff, | |
| v. | ORDER |
| Z & A INFOTEK CORP. D/B/A ZEN & ART, | |
| Defendants. | |

_____

CASTEL, Senior District Judge

    The Court considers the facilitation of the settlement of civil cases to be an important part of its case management responsibilities, and is proud of achieving resolutions through the use of skilled mediators, sensible counsel and rational parties.

    Then, there are the parties in this action.  After a successful mediation (ECF 30), draft settlement documents were negotiated and final documents were sent out for signature on July 26, 2024.  The Court issued a conditional Order of Dismissal on July 30, 2024, subject to the right to reopen the case within 30 days, if the settlement was not consumated.  (ECF 31.)  Not a peep was heard from anyone until August 22, 2025 when plainiff's counsel reported that the settlement documents had not been returned by defendant in the ensuing period.  (ECF 32.)  Defendant did not come roaring back disputing plaintiff's recitation of facts.  One week after the August 22 filing—and hearing nothing from defendant—the Court granted the plainitff's request to reopen the case.  (ECF 33.)

    Now, a year later, with a fully briefed summary judgment motion, defendant "requests Your Honor's assistance in conducting an in-person settlement conference."  (ECF 64.)  According to plaintiff, the request was submitted without any prior discussion with plainitff's counsel.  (ECF 65.)  Plainiff responds that it is unwilling to participate in what it views as an effort to stall resolution of the motion.  (ECF 65.)

-2-

It has been three months since the parties' conference with the Court in which it set the schedule for the summary judgment motion. At the time, the Court urged the parties to resume discussions but no bilateral discussions took place.

The motion is <u>sub</u> <u>judice</u>. The Court is not desparate to avoid tackling the motion or conducting a trial if necessary. The Court's intervention at this juncture would likely be counter-productive because it has no intention of cajoling a reluctant party to accept settlement terms not to its liking. Defendant's counsel is free to discuss resolution with opposing counsel. All defendant's counsel need to is pick up the phone and call.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 9, 2025